STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LOUIS
BALDANZO, PLAINTIFF IN ERROR.

Submitted October term, 1928—Decided April 22, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the plaintiff in error, *Bernard L. Stafford* (*Ward & McGinnis,* of counsel).

For the defendant in error, *J. Vincent Barnitt.*

PER CURIAM.

This is a writ of error by the defendant, Louis Baldanzo, from a conviction for carnal abuse of Anna Lacota, a girl under the age of sixteen years.

The grounds urged for reversal are alleged trial errors in rulings on evidence, and that the verdict is against the weight of the evidence.

The rulings on evidence are of two classes—those on questions asked on cross-examination of the state's principal witness, and that the court improperly rejected the record of a civil action and evidence of good reputation. The object of the first series of questions was to show that the complaining witness had knowledge of an effort on the part of her brother-in-law to get money from the defendant in settlement of the charge, and also that she was actuated by revenge because her brother had been forbidden by the defendant to call upon the defendant's daughter.

Our examination of the record respecting these inquiries satisfies us that the defendant suffered no injury by the rulings of the court thereon. The inquiries directed to the complaining witness, Anna Lacota, were, in so far as competent and relevant, answered. The effort to introduce the record in the civil action was properly overruled. The complaint in that action which the defendant offered as in some manner contradicting the evidence of the girl was not brought home to her nor was she cross-examined upon it.

The efforts of the defendant to establish his good reputation consisted of questions, either directed to witnesses who were not shown to be qualified or the questions themselves were objectionable in that they were too broad or too narrow. The defendant was on trial charged with an act involving his

chastity and morality alone. In the recent case of *State* v. *Villano,* 6 *N. J. Mis. R.* 713, it was said by this court, quoting from *Wigm. Ev.* (*2d ed.*) 278: "The element of law is that inquiry into character is always adapted to the charge," to which we added that "unless character inquiry is restricted to the class of conduct involved in the criminal charge grave injustice would result through the introduction of a damaged reputation in respects alien thereto." Aside from this, other witnesses had testified to the defendant's good character, and their evidence stood unimpeached. Cumulation could add nothing thereto.

Finally, an examination of the entire record in this case brings us to the conclusion that the jury's verdict and the consequent judgment should not be disturbed on the ground that the verdict was against the weight of the evidence. While the state's evidence consisted almost entirely of the testimony of the young girl, Anna Lacota, who was alleged to have been assaulted, her testimony bears inherent evidence of its truth. The jury had the advantage of seeing and hearing the witnesses, their manner of testifying and the inference to be drawn therefrom, and its finding certainly cannot be said to be so at variance with the evidence as to imply improper motives in reaching a verdict of guilty.

The judgment is affirmed.